IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| SERVICE CORPORATION INTERNATIONAL, | ) ) ) |
| *Plaintiff,* | ) ) No.  20 C 838 ) |
| v. | ) ) Judge Virginia M. Kendall |
| STERICYCLE, INC., | ) ) ) |
| *Defendant.* | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to remand this case to the Circuit Court of Cook County.  Plaintiff's motion to remand (Dkt. 11) is denied.

## BACKGROUND

Plaintiff Service Corporation International ("SCI") brought a multitude of claims against Defendant Stericycle, Inc. ("Stericycle") for breach of contract, unjust enrichment, and consumer fraud in a complaint filed in the Circuit Court of Cook County, Illinois on January 23, 2020.  (Dkt. 1-1).  The next day, SCI requested that Stericycle accept service.  (Dkt. 39-1 at 13).  Stericycle did not believe jurisdiction was proper and refused to accept service on January 28, 2020.  (Dkt. 39-1 at 13).  On February 5, 2020, Stericycle timely removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.  (Dkt. 1 at 1).  Between January 28, 2020, when Stericycle initially refused to accept service, and February 5, 2020, when Stericycle removed this case to federal court, SCI did not attempt to

effectuate service on Stericycle. (Dkt. 39-1 at 13–14). SCI ultimately served Stericycle on March 4, 2020. (Dkt. 39-1 at 14). SCI moved to remand back to the Circuit Court of Cook County, Illinois on February 13, 2020, on the basis that the forum defendant rule rendered removal improper. (Dkt. 11).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where specifically authorized by federal statute. *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). "Defendants may remove a civil action from state court to the federal district court located in the place where such action is pending, as long as the federal district court had original jurisdiction over the case." *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 968 (7th Cir. 2013) (internal quotations omitted); *see also* 28 U.S.C. § 1441(a). "Defendants may remove civil suits filed in state court to federal court pursuant to 28 U.S.C. § 1441 and related statutes." *See, e.g., Alegre v. Aguayo*, No. 06 C 5744, 2007 WL 141891, at *2 (N.D. Ill. Jan. 17, 2007).

Removal based on diversity of citizenship under § 1332(a) is governed by the forum defendant rule: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[T]he forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against

presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

As the party invoking federal jurisdiction, Stericycle bears the burden of establishing federal jurisdiction. *See Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352–53 (7th Cir. 2017). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## DISCUSSION

### I. Removal

Stericycle removed this case on the basis of 28 U.S.C. §§ 1332 and 1441. (Dkt. 1). Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Stericycle removed this case from the Circuit Court of Cook County, Illinois on the basis of the Court's diversity jurisdiction under § 1332(a), which requires complete diversity between the parties and more than $75,000 at issue. (Dkt. 1).

Neither Stericycle nor SCI contest that both requirements of § 1332(a) are satisfied. (Dkt. 1; Dkt. 11). There is complete diversity between the parties based on their citizenship at the time of removal. The parties do not dispute that SCI is a citizen of Texas while Stericycle is a citizen of both Delaware and Illinois. (Dkt. 1-1

¶¶ 13, 23). Nor do the parties dispute that the amount in controversy exceeds $75,000. (Dkt. 1 ¶¶ 16–19; Dkt. 11).

**II.  Remand**

SCI moved to remand based on the forum defendant rule because Stericycle is a citizen of Illinois. (Dkt. 11 at 1). Section 1441(b)(2), the "forum defendant rule," prohibits removal on the basis of § 1332(a) diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The parties dispute whether the phrase "properly joined and served" requires service on Stericycle for the forum defendant rule to apply. Stericycle argues that, because it was not served at the time of removal, the forum defendant rule is inapplicable. (Dkt. 39). SCI contends that Stericycle's reading of the statute violates the spirit of the law and results in absurdity and potential forum-shopping. (Dkt. 11).

The Seventh Circuit has not decided this issue, likely because "failure to comply with the forum defendant rule is [] a defect in removal that bars [appellate] review." *Holmstrom v. Peterson*, 492 F.3d 833, 838 (7th Cir. 2007). District Courts in this circuit are split as to whether the forum defendant rule bars pre-service removal to federal court based on diversity jurisdiction. *See Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 934 (N.D. Ill. 2017). Courts adopt one of two approaches to the forum defendant rule: 1) Congressional intent; and 2) plain meaning.

### A. *Congressional Intent*

Some courts, citing Congressional intent, prohibit pre-service removal when there is a resident defendant. *See, e.g., Snider v. Chrysler Grp., LLC*, No. 14 C 50173, 2015 WL 1283237, *3 (N.D. Ill. Jan. 15, 2015); *Estep v. Pharmacia & Upjohn Co., Inc.*, 67 F. Supp. 3d 952, 960 (N.D. Ill. 2014); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007); *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672, at 82 (N.D. Ill. Aug. 11, 2005); *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017); *Hokanson v. Kerr Corp.*, No. 13–4534 (MLC), 2014 WL 936804, *2–3 (D.N.J. Mar. 10, 2014); *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 521 (E.D. Pa. 2013); *Vallejo v. Amgen Inc.*, No. CV 13-03666 BRO (MANx), 2013 WL 12147584, *3 (C.D. Cal. Aug. 30, 2013); *Laugelle v. Bell Helicopter Textron, Inc.*, No. 10-1080 (MGS), 2012 WL 368220, *3 (D. Del. Feb. 2, 2012). SCI looks primarily to the purpose and Congressional intent underpinning the forum defendant rule. Specifically, SCI argues that excepting unserved forum defendants from the forum defendant rule leads to absurd results and encourage gamesmanship by defendants. (Dkt. 11 at 5–6).

### B. *Plain Meaning*

The majority of courts look to the plain meaning of § 1441(b)(2) and conclude that "removal before service of an in-forum defendant is permissible based on the 'properly joined and served' language." *Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 995 (N.D. Ill. 2018); *see also, e.g., Grandinetti v. Uber Techs., Inc.*, No. 19 C 05731, 2020 WL 4437806, at *7 (N.D. Ill. Aug. 1, 2020); *Graff*, 299 F. Supp. 3d at 937;

*Selective Ins. Co. of S.C. v. Target Corp.*, No. 13 C 5910, 2013 WL 12205696, at *1 (N.D. Ill. Dec. 13, 2013); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, at *2 (N.D. Ill. Nov. 29, 1999); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, No. 3:09-md-02100-DRH-PMF, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010); *Test Drilling Serv. Co. v. Hanor Co.*, 322 F. Supp. 2d 953, 957 (C.D. Ill. 2003); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002); *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 978 (E.D. Mo. 2014); *Holmes v. Lafayette*, No. 4:11CV021-B-S, 2013 WL 654449, at *1 (N.D. Miss. Feb. 21, 2013); *Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013); *Goodwin v. Reynolds*, No. 2:12-cv-0033-SLB, 2012 WL 4732215, at *3 (N.D. Ala. Sept. 28, 2012); *Gibson v. Wal-Mart Stores E., LP*, No. 5:09-CV-228 (HL), 2010 WL 419393, at *4 n. 2 (M.D. Ga. Jan. 28, 2010); *Chace v. Bryant*, No. 4:10-CV-85-H, 2010 WL 4496800, at *2 (E.D.N.C. Nov. 1, 2010); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002).

The statutory text must control. Courts "must give effect to the clear meaning of statutes as written," *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017), under the presumption that "the ordinary meaning of that language accurately expresses the legislative purpose." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009). Only when the plain meaning of the statute "would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent" may courts deviate from the text. *Jefferson v. U.S.*, 546

F.3d 477, 483 (7th Cir. 2008). "We thus begin and end our inquiry with the text, giving each word its 'ordinary, contemporaneous, common meaning.'" *Star Athletica, L.L.C.*, 137 S. Ct. at 1010. The language of § 1441(b)(2) is clear and unambiguous: a case otherwise removable on the basis of diversity jurisdiction cannot be removed from state court "if any of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Stericycle is a citizen of Illinois (the state where SCI initially brought the action) and was not properly served at the time of removal on February 5, 2020.

SCI's apparently novel argument that the "properly joined and served" exception to the forum defendant rule applies only in the context of suits involving multiple defendants is unsupported by both the statutory text and precedent. (Dkt. 43 at 4–6). SCI points to the phrases "any of," "joined," "parties," and "defendants" as evidence that § 1441(b)(2) does not permit removal of cases involving a sole forum defendant. (Dkt. 43 at 4–6). First, absent textual evidence to the contrary, "words importing the plural include the singular" in federal statutes. 1 U.S.C. § 1. Second, applied elsewhere in the removal statutes, this construction leads to ridiculous results. For example, § 1446(d) requires "written notice [of filing a notice of removal] to all adverse ***parties***." 28 U.S.C. § 1446(d) (emphasis added). Under SCI's logic, such notice would only be required in suits with multiple plaintiffs, which is clearly not the case and, in fact, runs counter to SCI's interests in the present matter. Third, several cases involving single forum defendants held that the forum defendant rule

Page 7 of 10

did not preclude pre-service removal. *See, e.g., Encompass Ins. v. Stone Mansion Rest.*, 902 F.3d 147, 151–54 (3d Cir. 2018); *Cheatham*, 323 F. Supp. 3d at 996–97.

Applying the plain meaning of § 1441(b)(2) does not contravene Congressional intent such that the text must be disregarded. The forum defendant rule is "designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Morris*, 718 F.3d at 665 (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000)). Because the primary purpose of diversity jurisdiction is to grant out-of-state litigants access to federal courts to avoid potential local prejudice, a home-state defendant who has nothing to fear from his home-state court should not be able to remove to federal court. Here, the plain meaning of the statute does not so intensely undermine its purpose that this Court should rewrite it. The Court must assume "that the ordinary meaning . . . accurately expresses the legislative purpose." *Gross*, 557 U.S. at 175. This presumption holds just as true for the "properly joined and served" language as it does for the rest of the statute. Additionally, it doesn't stand to reason that allowing forum defendants to remove diverse-citizenship cases encourages local prejudice against out-of-state defendants. At most, the plaintiff's choice of forum is undermined, but this is not the same as undermining the forum defendant rule specifically or the statutory framework for federal jurisdiction more generally.

The forum defendant rule also functions "to prevent fraudulent joinder—suing either a nondiverse defendant or a forum defendant just make sure that the case

stays in state court." *Grandinetti*, No. 19 C 05731, 2020 WL 4437806, at *6. Permitting an unserved forum defendant to avoid the forum defendant rule does not frustrate this purpose. Defendants which are fraudulently joined still do not count against complete diversity, so plaintiff still cannot defeat diversity by fraudulently adding non-diverse defendants. This case in particular doesn't implicate fraudulent joinder concerns as Stericycle is the sole defendant.

SCI suggests that adhering to the text of § 1441(b)(2) encourages gamesmanship by defendants and so-called "snap removals." (Dkt. 43). Snap removals refer to instances in which a forum defendant quickly removes a case once it has been filed but before the plaintiff has the opportunity to render service. *See, e.g., In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 67 F. Supp. 3d 952, 962 (N.D. Ill. 2014) (granting remand where the defendant removed to federal court the same day plaintiff filed the lawsuit); *Vivas*, 486 F. Supp. 2d at 734. Some courts fear vigilant and technologically savvy defendants will effectively eliminate the forum defendant rule. The present case, at least, does not involve a "snap removal." SCI first attempted to serve Stericycle on January 24, 2020. (Dkt. 39-1 at 13). Stericycle responded on January 28, 2020, that it did not believe jurisdiction was proper and refused to accept service. (Dkt. 39-1 at 13). Over the following week before Stericycle removed to federal court on February 5, 2020, SCI did not attempt to effectuate service on Stericycle. (Dkt. 39-1 at 13–14). *See also, e.g., Graff*, 299 F. Supp. 3d at 937 n. 7 ("This was not the docket-monitoring, jack rabbit or snap removal that other courts have found to violate the spirit of the law."). Unlike a "snap removal," it is not

the case that SCI did not have the opportunity to serve Stericycle. Instead, it appears that SCI simply did not pursue service as vigorously as it might have.

Finally, enforcing the plain meaning of the "properly joined and served" text does not, as SCI suggests, lead to "absurd results." (Dkt. 43 at 7–9). A result "must be truly absurd to justify discarding the plain language." *Grandinetti*, No. 19 C 05731, 2020 WL 4437806, at *6. Interpreting the removal statute this way "may be peculiar" but "the outcome is not so outlandish as to constitute an absurd or bizarre result." *Encompass Ins.*, 902 F.3d at 153–54. Should Congress determine that removal where an in-forum defendant has not been served constitutes an abuse of the judicial system, Congress will rewrite the statute. The plain meaning controls.

## CONCLUSION

For the foregoing reasons, SCI's motion to remand (Dkt. 11) is denied.

_____
Virginia M. Kendall
United States District Judge

Date: November 9, 2020