IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERVICE CORPORATION INTERNATIONAL, | ) ) ) |
| *Plaintiff,* | ) ) No. 20 C 838 ) |
| v. | ) ) Judge Virginia M. Kendall |
| STERICYCLE, INC., | ) ) ) |
| *Defendant.* | ) ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Service Corporation International ("SCI") alleges that Defendant Stericycle, Inc. ("Stericycle") entered into fixed-price contracts with its subsidiaries to provide medical waste disposal services. SCI alleges Stericycle raised its prices in violation of those contracts. SCI brings 39 causes of action against Stericycle: (1) breach of contract under Illinois law (Count I); (2) unjust enrichment under Illinois law (Count II); (3) violation of various state consumer protection laws (Counts III–XXXIX).

Before the Court is Defendant's Motion to Dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 57). Defendant's Motion to Dismiss is granted without prejudice.

**BACKGROUND**

The following factual allegations are taken from SCI's Complaint and are assumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

**I. The Parties**

Medical waste which may be exposed to blood and bodily fluids or is capable of causing an infectious disease is subject to special disposal procedures and is highly regulated by both state and federal authorities. (Dkt. 1-1 ¶¶ 24, 30). Stericycle is a medical waste disposal company which serves both large-quantity businesses, such as hospitals, and small-quantity businesses, such as individual doctor's offices. (Dkt. 1-1 ¶¶ 4, 26). Small-quantity businesses are particularly important to Stericycle's business because they generate comparatively higher profit margins and account for 97% of Stericycle's customers and the majority of Stericycle's revenue. (Dkt. 1-1 ¶¶ 27–28). Stericycle is incorporated in Delaware with its principal place of business and corporate offices in Lake Forest, Illinois. (Dkt. 1-1 ¶¶ 11, 23).

SCI is a Texas corporation with its principal place of business in Harris County, Texas which operates funeral homes throughout the United States. (Dkt. 1-1 ¶ 13). Between 2006 and 2010, SCI acquired Alderwoods Group, LLC ("Alderwoods"), Keystone America, Inc. ("Keystone"), and Stewart Enterprises ("Stewart"), along with all the subsidiaries of each organization (collectively, "the subsidiaries"). (Dkt. 1-1 ¶¶ 14–22). SCI alleges it was also assigned the claims of

Alderwoods, Keystone, Stewart, and the subsidiaries. (Dkt. ¶¶ 62–65). All of the subsidiaries were designated small-quantity businesses by Stericycle. (Dkt. 1-1 ¶ 5).

## II. Steri-Safe Fee Structure

One of the services Stericycle offered small-quantity customers was the "Steri-Safe" service, a fixed-fee based service whereby the small-quantity customer paid a monthly subscription fee in exchange for ongoing medical waste disposal from Stericycle as laid out in the "Steri-Safe Service Agreement." (Dkt. 1-1 ¶¶ 28–29). The Steri-Safe Service Agreement includes terms and conditions which, according to SCI, were often provided in "illegible" copies with "reduced font size." (Dkt. 1-1 ¶¶ 30). The terms and conditions provides:

> Stericycle reserves the right to adjust the contract price to account for operational changes it implements to comply with documented changes in the law, to cover increases in the cost of fuel, insurance, residue disposal, or to otherwise address cost escalation.

(Dkt. 1-1 ¶ 32).

Stericycle systemically increased the Steri-Safe fixed fee by 18% every six to twelve months, a practice known as the Automated Price Increase ("API"). (Dkt. 1-1 ¶¶ 4, 37, 44). The API was not based on any increased operational costs incurred by Stericycle and was applied by default. (Dkt. ¶¶ 42, 45, 48). Stericycle targeted the subsidiaries and small-quantity customers for the API because it deemed them comparatively less sophisticated, outfitted with smaller legal and accounting departments, and less able to dispute the justification for the price increases. (Dkt. 1-1 ¶¶ 39, 43). When customers called Stericycle to complain about price increases, its customer complaints and retention departments (located in Illinois) provided false

justifications or used other tactics to convince customers to accept the increases or pay as much of them as possible. (Dkt. 1-1 ¶¶ 50–54).

SCI cites a class-action settlement in this district pertaining to Stericycle's API practice. (Dkt. 1-1 ¶ 60–61). SCI states Stericycle represented in that litigation the subsidiaries were members of the class that contracted with and were overcharged by Stericycle between March 2003 and October 2017. (Dkt. 1-1 ¶ 70). Prior to the class settlement in 2017, SCI did not know that the subsidiaries had been overcharged by Stericycle. (Dkt. 1-1 ¶¶ 80–81). The subsidiaries opted out of the class settlement. (Dkt. 1-1 ¶ 73). SCI now brings this action alleging breach of contract, unjust enrichment, and violations of 37 state consumer protection laws. (Dkt. 1-1 ¶¶ 93–246).

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court accepts the complaint's factual allegations as true and draws all permissible inferences in Plaintiff's favor. *Schumacher*, 844 F.3d at 675 (quoting *Iqbal*, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). The Seventh Circuit interprets this plausibility standard to mean that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Schumacher*, 844 F.3d 676 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Iqbal*, 556 U.S. at 678)).

In addition, Federal Rule of Civil Procedure 9(b) requires all allegations of fraud to be "state[d] with particularity," although "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This heightened pleading requirement protects against the "great harm to the reputation of a business firm or other enterprise a fraud claim can do." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Rule 9(b) requires that the plaintiff state "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Svc's, Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). In other words, the plaintiff must allege the "who, what, when, where, and how" of the alleged fraud. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019) (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019));

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (quoting *Windy City*, 536 F.3d at 668). Each instance of fraud must be alleged with "precision and some measure of substantiation." *Menzies*, 943 F. 3d at 338 (quoting *U.S. ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016)).

## DISCUSSION

### I. Breach of Contract (Count I)

"Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (internal quotation marks omitted). SCI must plead so that Stericycle has "fair notice of what the claim is and the grounds upon which it rests." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (internal quotation marks omitted). For breach of contract claims under Illinois law, fair notice includes information about the existence of a contract between Stericycle and the subsidiaries, such as when the contracts were entered into and when they were operational. *Bissessur*, 581 F.3d at 603; *see also, e.g., Montgomery v. Scialla*, No. 15-CV-10840, 2017 WL 3720178, at *5 (N.D. Ill. Aug. 29, 2017); *Loup Logistics Co. v. Windstar, Inc.*, No. 17 C 9045, 2018 WL 5619454, at *2 (N.D. Ill. Oct. 30, 2018) (where multiple contracts are at issue, plaintiff must specify which were breached).

SCI may not look to Stericycle's prior class action settlement as evidence of contracts with the subsidiaries. The settlement agreement provides:

> In no even shall this Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Actions, any other action, or in any judicial, administrative, regulatory or other proceeding except in a proceeding to enforce this Agreement or the rights of the Parties or their counsel.

(Dkt. 61 at 8); *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (the Court may take judicial notice of documents referred to in the complaint). In an all-but-identical prior suit, this Court determined "[t]he plain language of this agreement prevents the use of the agreement or any related statements or court proceedings as evidence in other actions." *Service Corp. Int'l v. Stericycle, Inc.*, No. 19 C 1960, 2020 WL 43017, at *6 (N.D. Ill. Jan. 4, 2020); *Cannon v. Burge*, 752 F.3d 1079, 1091 (7th Cir. 2014) (interpreting an unambiguous settlement agreement from its plain language).

Absent the class settlement, upon which SCI cannot rely, SCI does not adequately allege the subsidiaries entered into agreements with Stericycle. SCI alleges that, because Stericycle provided waste disposal services and the subsidiaries provided payment, the parties must have contracted "at least once during the 2003 to 2017 time period." (Dkt. 1-1 ¶¶ 66–71, 101). These alleged contracts were in effect between 2003 and 2013. (Dkt. 1-1 ¶ 67). Pleading that each of 169 subsidiaries entered into a contract with Stericycle at least once at some point within a 14-year timeframe is insufficient to put Stericycle on notice of when the contracts were entered into, their effective period, and which of the contracts were purportedly breached.

SCI's claim for breach of contract (Count I) is dismissed.

## II.     Unjust Enrichment (Count II)

SCI pleads in the alternative, in the absence of a contract between Stericycle and the subsidiaries, a claim for unjust enrichment. (Dkt. 1-1 ¶¶ 106–10); *see Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 610, 615 (7th Cir. 2013) (applying Illinois law). "To state an unjust enrichment claim under Illinois law, [the] 'plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" *Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691, 724 (N.D. Ill. 2017) (quoting *HPI Health Care v. Mt. Vernon Hosp.*, 131 Ill.2d 145, 160 (Ill. 1989)).

SCI fails to allege that any benefit (in this case, payment) Stericycle received was unjust or improper. SCI pleads the subsidiaries paid Stericycle in exchange for rendered medical waste disposal services. (Dkt. 1-1 ¶ 68). SCI's assertion that these payments were "excess[ive]" or "inflated" are conclusory and unsupported by any factual basis. (Dkt. 1-1 ¶ 108). For example, SCI does not allege facts suggesting the value of the services rendered by Stericycle was less than the value of the payments. Merely because the APIs were untethered from Stericycle's costs does not speak to whether the total fees imposed by Stericycle exceeded the value of the services provided. Indeed, as pled, the only basis for these payments' impropriety is their alleged violation of the terms of the Steri-Safe Service Agreement, the same allegation undergirding SCI's deficient breach of contract claim. *See Horist v. Sudler*

*& Co.*, 941 F.3d 274, 281 (7th Cir. 2019) ("[U]njust enrichment will stand or fall with the related claim.").

Because SCI failed to adequately plead any payments to Stericycle were unjust or improper, SCI's cause of action for unjust enrichment (Count II) is dismissed.

### III. State Consumer Fraud Claims (Counts III–XXXIX)

Stericycle moves to dismiss SCI's causes of action under thirty-seven state consumer fraud statutes (Counts III–XXXIX). (Dkt. 58 at 13–24). Instead of responding to the substance of Stericycle's arguments, SCI elected, "in an effort to streamline this case, . . . [to] focus[] on the breach of contract and unjust enrichment claims." (Dkt. 60 at 5). The American system is adversarial, and time is a precious and limited resource to the courts. When presented with a plausible reason to dismiss a complaint, the judge will not shoulder the plaintiff's burden to try and discover grounds to preserve a complaint. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citing *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (analogizing a dismissal of a "nonresponsive response brief" to default judgment)). "Failure to respond to an argument [on motion to dismiss] . . . results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (affirming district court's dismissal of complaint where plaintiff failed to respond to movant's specific arguments); *Alioto*, 651 F.3d at 721 ("[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."). For this reason alone, SCI's causes of action under the various state consumer fraud statutes (Counts III–XXXIX) are dismissed.

SCI's consumer fraud claims also fail on substantive grounds. Like common law fraud, these state consumer fraud statutes invoke the heightened pleading standard of Rule 9(b).[1] SCI "must state with particularity the circumstances constituting fraud or mistake" or, colloquially, the "who, what, when, where, and how"

---

[1] *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (ICFA); *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 916 (N.D. Ill. 2013) (citing *Sam v. Beaird*, 685 So.2d 742, 744 (Ala. Civ. App. 1996)) (Alabama); *Porto v. Allstate Property and Casulaty Ins. Co.*, No. 4:17CV00440 JLH, 2017 WL 4640432, at *4 (E.D. Ark. Oct. 16, 2017) (citing *Universal Coop., Inc. v. AA Flying Serv., Inc.*, 710 F.3d 790, 795 (8th Cir. 2013)) (Arkansas); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (California); *Stephenson v. Hartford Life and Annuity Ins. Co.*, No. 02 C 3917, 2003 WL 22232968, at *5 (N.D. Ill. Sept. 26, 2003) (Colorado); *ARMOUR Capital Mgmt. LP v. SS&C Techs., Inc.*, No. 3:17-cv-00790 (JAM), 2018 WL 1368908, at *7 (D. Conn. Mar. 16, 2018) (Connecticut); *Lewis v. Mercedes-Benz USA, LLC*, 19-CIV-81220-RAR, 2012 WL 1216897, at *29 (S.D. Fla. Mar. 30, 2021) (Florida); *Conti v. Am. Honda Motor Co., Inc.*, CV 19-02160-CJC(GJSx), 2019 WL 10371067, at *5–6 (C.D. Cal. Oct. 17, 2019) (Georgia); *Tuttle v. Treasure Valley Marine, Inc.*, No. 1:15-cv-00314-BLW, 2016 WL 3198230, at *2 (D. Idaho Jun. 8, 2016) (Idaho); *Outzen v. Kapsch Trafficcom USA, Inc.*, No. 120-cv-01286-TWP-MJD, 2012 WL 914021, at *10–12 (S.D. Ind. Mar. 10, 2021) (Indiana); *Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *10 n. 2 (N.D. Ill. Feb. 1, 2016) (Kansas); *Johnson v. Int'l Labs., LLC*, No. 7:19-cv-0004-GFVT, 2019 WL 1877289, at *3 (E.D. Ky. Apr. 26, 2019) (Kentucky); *J&L Family, L.L.C. v. BHP Billiton Petroleum Props. (N.A.), L.P.*, No. 16-1193, 2018 WL 1462108, at *5 (W.D. La. 2018) (Louisiana); *Howes v. SN Serv. Corp.*, No. CCB-20-670, 2021 WL 878354, at *6 (D. Md. Mar. 9, 2021) (Maryland); *Rick v. Profit Mgmt. Assocs., Inc.*, 241 F Supp. 3d 215, 225 (D. Mass. 2017) (Massachusetts); *Friend v. FGF Brands (USA) Inc.*, No. 18 CV 7644, 2019 WL 2482728, at *2 (N.D. Ill. Jun. 12, 2019) (Michigan); *Friend*, No. 18 CV 7644, 2019 WL 2482728, at *2 (Minnesota); *Young v. Bristol-Myers Squibb Co.*, NO. 4:16-CV-00108-DMB-JMV, 2017 WL 706320, at *15–16 (N.D. Miss. Feb. 22, 2017) (Mississippi); *Friend*, No. 18 CV 7644, 2019 WL 2482728, at *2 (Missouri); *PNC Bank, Nat. Ass'n v. Wilson*, No. CV-14-80-BU-DWM-JCL, 2015 WL 3887602, at *7 (D. Mont. Jun. 23, 2015) (Montana); *Free Green Can, LLC v. Green Recycling Enters., LLC*, No. 10-cv-5764, 2011 WL 2470463, at *6 (N.D. Ill. Jun. 20, 2011) (Nebraska); *Toromanova v. First Am. Tr. Serv. Solutions LLC*, No. 2:18-cv-01482-APG-VCF, 2019 WL 2996906, at *3–4 (D. Nev. Jul. 9, 2019) (Nevada); *Friend*, No. 18 CV 7644, 2019 WL 2482728, at *2 (New Jersey); *DeFrank v. Samsung Electronics Am., Inc.*, Civ. No. 19-21401 (KM) (JBC), 2020 WL 6269277, at *6 (D.N.J. Oct. 26, 2020) (New Mexico); *Friend*, No. 18 CV 7644, 2019 WL 2482728, at *2 (New York); *Tasz, Inc. v. Indus. Thermo Polymers, Ltd.*, 80 F. Supp. 3d 671, 680, 685 (W.D.N.C. 2015) (North Carolina); *Conti*, CV 19-02160-CJC(GJSx), 2019 WL 10371067, at *5–6 (Ohio); *Parrish v. Bank*, No. CIV-15-0913-HE, 2016 WL 3906814, at *2 – 3 (W.D. Okla. 2016) (Oklahoma); *Martell v. General Motors LLC*, 492 F. Supp. 3d 1131, 1145–46 (D. Or. 2020) (Oregon); *Taggart v. Wells Fargo Home Mortg., Inc.*, 563 Fed. Appx. 889, 891–92 (3d Cir. 2014) (Pennsylvania); *Flores v. FCA US LLC*, No. 20-10972, 2021 WL 1122216, at *16 (E.D. Mich. Mar. 24, 2021) (South Carolina); *Bridgestone Am.'s, Inc. v. Int'l Business Machs. Co.*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) (Tennessee); *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (Texas); *Murphy v. Capella Educ. Co.*, 589 Fed. Appx. 646, 656–57 (4th Cir. 2014) (Virginia); *Friend*, No. 18 CV 7644, 2019 WL 2482728, at *2 (Washington); *Johnson v. Ford Motor Co.*, No. 3:13-6529, 2015 WL 7571841, at *17–18 (S.D.W. Va. 2015) (West Virginia); *Miles v. Am. Honda Motor Co., Inc.*, No. 17 C 4423, 2017 WL 4742193, at *3 (N.D. Ill. Oct. 19, 2017) (Wisconsin).

of the fraud. *Menzies*, 943 F.3d at 338. The Complaint falls far short of this heightened pleading standard. SCI alleges a laundry list of non-specific but purportedly fraudulent conduct as to "each and every subsidiary." (Dkt. 1-1 ¶¶ 2–3, 8, 32, 50, 53, 69, 78). Broadly, the conduct of which SCI complains includes incorporating extra-contractual APIs, taking efforts to obfuscate the terms of the contract, and lying to subsidiaries when questioned about the APIs. (Dkt. 1-1 ¶ 78). Notably absent from SCI's pleading is any single, specific fraudulent act or communication directed at any one of the 169 subsidiaries, each of which is a separate corporation. Nor does SCI allege when any of this activity took place, other than at some point within their generalized fourteen-year timeframe. (Dkt. 1-1 ¶ 101). Stericycle properly observes that the absence of any specific allegations impedes their ability to evaluate whether any of SCI's causes of action are time-barred. (Dkt. 58 at 17 n. 3).

SCI's state consumer fraud claims (Counts III–XXXIX) are dismissed.

## CONCLUSION

For the foregoing reasons, Stericycle's Motion to Dismiss (Dkt. 57) is granted without prejudice. The Court grants SCI leave to amend its complaint consistent with this Opinion, if possible, within 21 days of the filing of this Opinion.

_____
Virginia M. Kendall
United States District Judge

Date: June 15, 2021